NICHOLAS A. TRUTANICH
United States Attorney
KEVIN D. SCHIFF
Assistant United States Attorney
501 Las Vegas Blvd South
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:19-CR-133-APG-VCF-5 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| STEPHEN LLOYD ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Samira A. Barlow</u>, Senior U.S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 28TH day of August, 2019.

                                                                  NICHOLAS A. TRUTANICH
                                                                  United States Attorney

                                                                  By   /S/                       .
                                                                       KEVIN D. SCHIFF
                                                                       Assistant U. S. Attorney

# UNITED STATES DISTRICT COURT
# for the
# DISTRICT OF NEVADA

U.S.A. vs. STEPHEN LLOYD                              Docket No 2:19-CR-133-APG-VCF-5

Petition for Action on Conditions of Pretrial Release

COMES NOW SAMIRA A. BARLOW, SENIOR U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Stephen Lloyd. The defendant initially appeared on May 23, 2019, before U.S. Magistrate Judge Cam Ferenbach and was placed on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. Travel is restricted to Clark County, Nevada unless preapproved by Pretrial Services.
3. The defendant shall maintain current residence and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
4. The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary. **Until Pretrial Services verifies the defendant's residence. Once Pretrial Services verifies his residence and Pretrial Services deems it suitable, Pretrial Services may release the defendant to his current residence, then #3 will apply.
5. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
6. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
7. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
8. The defendant shall pay all or part of the cost of the testing program based upon his ability to pay as Pretrial Services or the supervising officer determines.
9. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
10. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
11. The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
12. The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.

13. The defendant shall undergo medical or psychiatric treatment.
14. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
15. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his ability to pay as determined by Pretrial Services or the supervising officer.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On May 28, 2019, the defendant submitted a urine sample, which tested positive for the presence of methamphetamine. On June 4, 2019, the defendant's urine sample was confirmed by Alere Toxicology as positive use for amphetamine and methamphetamine.
2. On May 31, 2019, the defendant submitted a urine sample, which tested positive for the presence of amphetamine and methamphetamine. On June 6, 2019, the defendant's urine sample was confirmed by Alere Toxicology as positive use of amphetamine and methamphetamine.
3. On July 24, 2019, the defendant was in the presence of someone using and possessing a narcotic drug or other controlled substances.
4. On August 6, 2019, the defendant failed to report for drug testing.
5. On August 14, 2019, the defendant was in the presence of someone using and possessing a narcotic drug or other controlled substances.
6. On August 14, 2019, the defendant submitted a urine sample, which tested positive for the presence of amphetamine and methamphetamine. On August 20, 2019, the defendant's urine sample was confirmed by Alere Toxicology as positive use of amphetamine and methamphetamine.
7. On August 19, 2019, the defendant was in the presence of someone using and possessing a narcotic drug or other controlled substances.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. Executed on this 28th day of August, 2019. |
|---|---|
| Considered and ordered this 22nd day of August, 2019 and ordered filed and made a part of the records in the above case. | Respectfully Submitted, |
| _[signature]_ | _[signature]_ |
| Honorable Cam Ferenbach<br>U.S. Magistrate Judge | Samira Barlow<br>Senior U.S. Pretrial Services Officer<br>Place: <u>Las Vegas, Nevada</u> |